# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 27, 2020

| | |
|---|---|
| * * * * * * * * * * * * *<br>JACIE ALBANEZ as mother and natural *<br>guardian, and MARIO ALBANEZ as father *<br>and natural guardian of N.A.,           *<br>                                           *<br>           Petitioners,                    *<br>                                           *<br>v.                                         *<br>                                           *<br>SECRETARY OF HEALTH                        *<br>AND HUMAN SERVICES,                        *<br>                                           *<br>           Respondent.                     *<br>* * * * * * * * * * * * * | UNPUBLISHED<br><br>No. 18-774V<br><br>Special Master Gowen<br><br>Rotavirus; Intussusception. |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioners.
*Debra A. Filteau Begley*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON STIPULATION[1]

On May 30, 2018, Jacie and Mario Albanez ("petitioners"), on behalf of their minor son N.A., filed a petition for compensation within the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). The petition seeks compensation for injuries allegedly related to N.A. receipt of a rotavirus vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

N.A. received diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated polio ("IPV"), haemophilus influenzae ("HIB"), hepatitis B, pneumococcal conjugate, and rotavirus vaccinations on Marck 28, 2017. These vaccinations were administered within the United States.

Petitioners allege that N.A. sustained an intussusception within the time period set forth in the Table for the rotavirus vaccine. In the alternative, petitioners allege that N.A.'s intussusception was caused-in-fact by the rotavirus vaccination. They further allege that N.A. was hospitalized and underwent surgical intervention as a result of his alleged injury.

On May 27, 2020, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioners on behalf of N.A. Stipulation (ECF No. 40). Respondent denies that N.A. sustained a intussusception Table injury; denies that DTaP, IPV, HIB, hepatitis B, pneumococcal conjugate, and/or rotavirus vaccines caused N.A.'s intussusception, or any other injury; and denies that N.A.'s current condition is a sequelae of a vaccine-related injury. *Id.* at ¶ 6. Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation according to the terms of the stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The stipulation awards:

1) **An amount not to exceed $35,000.00 to purchase the annuity contract described in paragraph 10 of the stipulation (attached hereto as Appendix A), paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). I adopt the stipulation as the decision of the Court and hereby award compensation in the amount and on the terms set forth therein. Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<div style="text-align: right;">
**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master
</div>

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JACIE ALBANEZ, as mother and natural  \*
guardian, and MARIO ALBANEZ, as  \*
father and natural guardian of N.A.,  \*
  \*
             Petitioners,  \*     **No. 18-774V**
  \*     **Special Master Gowen**
v.  \*
  \*
**SECRETARY OF HEALTH AND**  \*
**HUMAN SERVICES,**  \*
  \*
             Respondent.  \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATION

The parties hereby stipulate to the following matters:

1.  On behalf of their son, N.A., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to N.A.'s receipt of a rotavirus vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.  N.A. received diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated polio ("IPV"), haemophilus influenza ("HIB"), hepatitis B, pneumococcal conjugate, and rotavirus vaccines on March 28, 2017.

3.  These vaccines were administered within the United States.

4.  Petitioners allege that N.A. sustained an intussusception within the time period set forth in the Table for the rotavirus vaccine. In the alternative, petitioners alleged that N.A.'s

intussusception was caused-in-fact by a rotavirus vaccination. They further allege that N.A. was hospitalized and underwent surgical intervention as a result of his alleged injury.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of N.A. as a result of his condition.

6. Respondent denies that N.A. sustained an intussusception Table injury; denies that DTaP, IPV, HIB, hepatitis B, pneumococcal conjugate and/or rotavirus vaccines caused N.A.'s intussusception, or any other injury; and denies that N.A.'s current condition is a sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> An amount not to exceed $35,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

This amounts represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

      b.      Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

      c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

      d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10.    The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of N.A., pursuant to which the Life Insurance Company will agree to make a lump sum payment to N.A. for all damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

**$47,704.72 payable in a certain lump sum on January 27, 2035.**

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $35,000.00. In the event that the cost of the lump sum annuity payment set forth above varies from $35,000.00, the lump sum payment on January 27, 2035, listed above shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $35,000.00. Should N.A. predecease the payment of the certain lump sum set forth above, the certain lump sum payment shall be made to his estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of N.A.'s death.

11.    The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the

future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of N.A. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of N.A., on behalf of themselves, N.A., and his


heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of N.A. resulting from, or alleged to have resulted from, DTaP, IPV, HIB, hepatitis B, pneumococcal conjugate and/or rotavirus vaccines administered on March 28, 2017, as alleged by petitioners in a petition for vaccine compensation filed on or about May 31, 2018, in the United States Court of Federal Claims as petition No. 18-774V.

17. If N.A. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in

this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that N.A. sustained an intussusception Table injury; that DTaP, IPV, HIB, hepatitis B, pneumococcal conjugate and/or rotavirus vaccines caused N.A.'s intussusception, or any other injury or condition; or that NA's current condition is a sequelae of a vaccine-related injury.

22. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of N.A.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

_/s/ Jacie Albanez_
JACIE ALBANEZ

**PETITIONER:**

_/s/ Mario Albanez_
MARIO ALBANEZ

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONERS:**<br><br>_/s/ Jeffrey S. Pop_<br>JEFFREY S. POP, ESQ.<br>ALEXANDRA B. POP, ESQ.<br>Jeffrey S. Pop & Associates<br>9150 Wilshire Blvd. Suite 241<br>Beverly Hills, CA 90212<br>Tel: (310) 273-5462 | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**<br><br>_/s/ Catharine E. Reeves_<br>CATHARINE E. REEVES<br>Deputy Director<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**<br><br>_Ward Sorensen for_<br>TAMARA OVERBY<br>Acting Director, Division of Injury Compensation Programs<br>Healthcare Systems Bureau<br>U.S. Department of Health and Human Services<br>5600 Fishers Lane<br>Parklawn Building, Mail Stop 11C-26<br>Rockville, MD 20857<br><br>Dated: 5/26/20 | **ATTORNEY OF RECORD FOR RESPONDENT:**<br><br>_Debra A Filteau Begley by Catharine E._<br>DEBRA A. FILTEAU BEGLEY<br>Senior Trial Attorney<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146<br>Tel: (202) 616-4181 |

7