# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 1, 2020

| | |
|---|---|
| * * * * * * * * * * * * * | * |
| JACIE ALBANEZ, *as mother and* | * |
| *natural guardian, and* | *   UNPUBLISHED |
| | * |
| MARIO ALBANEZ, *as father and* | * |
| *natural guardian of, N.A.* | * |
| Petitioners, | *   No. 18-774V |
| | *   Special Master Gowen |
| v. | * |
| | *   Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioners.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 25, 2020, Jacie and Mario Albanez ("Petitioners") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 46). For the reasons discussed below, I **GRANT** Petitioners' motion for attorneys' fees and costs and award a total of **$20,957.00**.

I.  **Procedural History**

On May 30, 2018, Petitioners, on behalf of their minor son N.A., filed a petition for compensation within the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012)

The petition sought compensation for injuries allegedly related to N.A. receipt of a rotavirus vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). On May 27, 2020, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 41).

On August 25, 2020, Petitioners filed a motion for final attorneys' fees and costs. Petitioners request compensation in the total amount of $20,957.00, representing $20,084.80 in attorneys' fees and $872.20 in costs. (Fees App. at 13). Pursuant to General Order No. 9, Petitioners filed a signed statement indicating that they incurred no out of pocket expenses. (Fees App. Ex. 46-4). Respondent reacted to the fees motion on June 30, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 47). Petitioners did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioners were awarded compensation pursuant to a stipulation, they are entitled to a reasonable award of final attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   a. **Attorneys' Fees**

Petitioners requests the following hourly rates for the work of their counsel at Mr. Jeffrey S. Pop, and his staff at Jeffrey S. Pop and associates; attorney hourly rates between $225 - $470 per hour for time billed between 2019 – 2020 and paralegal hourly rates $125 - $163 for time billed between 2017 – 2020. Rates very based on attorney or paralegal and year billed. I find all requested hourly rates to be reasonable and consistent with what counsel has previously been awarded for Vaccine Program work.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioners are entitled to final attorneys'

---

(Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

fees of **$20,084.80**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request total attorneys' costs in the amount of $872.20. This amount is comprised of acquiring medical records, postage and the Court's filing fee. These costs appear reasonable and Petitioners have provided adequate documentation supporting them. Petitioners are therefore awarded final attorneys' costs of **$872.20**.

### III. Conclusion

In accordance with the foregoing, Petitioners' motion for attorneys' fees and costs is **GRANTED**. I find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows: **A lump sum of $20,957.00, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioners and Petitioners' counsel, Mr. Jeffrey Pop.**[3]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).